United States District Court
Northern District of New York

| | |
|---|---|
| HAROLD R. WOODS,<br><br>    *Plaintiff,*<br><br>v.<br><br>COMPUTER CREDIT INC.,<br><br>    *Defendant.* | Civil Action No.<br>1:10-CV-00120<br>DNH/DRH<br><br>AMENDED<br>COMPLAINT<br><br>(JURY TRIAL<br>DEMANDED) |

## I. INTRODUCTION

1. This is an action by an individual to secure declaratory and monetary relief, including attorney's fees, for the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices, as well as for the Defendant's violations of §349(a) of the New York General Business Law, which prohibits deception in the conduct of any business, trade, or commerce, including debt collection.

## II. JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 15 U.S.C. §1692 k (d). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Plaintiff is entitled to amend his Complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). While preliminary settlement negotiations have occurred and Plaintiff's

1

counsel has consented to an extension of the time for Defendant to officially Answer or otherwise move on the original Complaint until April 16, 2010, no responsive pleading has been served nor has an appearance been entered by or on behalf of the Defendant as of this time, making this Amendment permissible. Likewise, the amendments herein relate back to those contained in the original complaint pursuant to Fed. R. Civ. P. 15(c)(1)(B) since they arise from the same transaction or occurrence.

### III. PARTIES

3. Plaintiff is a natural person, a resident of the Northern District of New York as of the time of the commencement of this action, and is a consumer pursuant to the definition set forth in 15 U.S.C. §1692 a (3).

4. Upon information and belief and at all times relevant hereto, Defendant, Computer Credit Inc. (or "Defendant"), is a North Carolina entity with its primary place of business located at 640 West Fourth Street, Winston-Salem, North Carolina 27113.

5. Defendant conducts business in New York on a regular basis and is registered with the New York State Department of State.

6. The principal purpose of Defendant is the collection of debts using the mails and telephone.

7. The Defendant regularly attempts to collect debts to be due to another, including consumer debts. As such, Defendant is a debt collector and is liable for violations of the FDCPA.

### IV. FACTS

8. Beginning on or about February, 2009, Defendant began a campaign of harassment targeted towards Plaintiff.

9. The Defendant's actions concerned an alleged consumer debt allegedly owed to Wing Memorial Hospital in Palmer, Massachusetts ("Wing").

10. Said campaign of harassment took multiple forms, mostly written, some verbal.

11. The more salient illustrations of the campaign of harassment were embodied in the written medium, including correspondence dated February 2, 2009.

12. The initial communication, a February 2, 2009 correspondence signed by "C. Jordan," was troubling, however.

13. In addition to being threatening, it obscured the federally-required 15 U.S.C. §1692 g validation notice which is required to be present in the initial communication.

14. That is, it contained instructions about how to make payments by mail or phone, coupled with a credit card authorization form, each in appreciably larger font than the 15 U.S.C. §1692 g validation notice. The notice itself was buried in pale gray font on the reverse of the letter. It was overshadowed to say the least, and such machinations could be reasonably perceived as preternaturally confusing to the least sophisticated consumer. Attached hereto and made a part hereof is a copy of the February 2, 2009 letter annexed as Exhibit "**A**."

15. Plaintiff was not acquainted with the alleged $35.00 debt. The Plaintiff's counsel then forwarded a validation letter and a letter of representation to Defendant, on or about February 14, 2009. Upon information and belief, said letter was faxed by Plaintiff's counsel's paralegal, Ms. Wong, as well as mailed. It conveyed notice that Plaintiff was represented by an attorney and the letter was received. Attached hereto

and made a part hereof is a copy of the February 14, 2009 letter annexed as Exhibit "**B**."

16. Defendant opted to ignore this correspondence and continue to harass Plaintiff.

17. Despite being aware that the Plaintiff was represented by counsel, Defendant again contacted the Plaintiff to collect the alleged $35.00 debt. It sent a second letter on February 16, 2009, stating, "Computer Credit, Inc. strongly advises you to make payment in order to resolve your overdue balance of $35.00. We are a debt collector and we expect your cooperation." Attached hereto and made a part hereof is a copy of the February 16, 2009 letter annexed as Exhibit "**C**."

18. Notwithstanding Defendant's aspiration for "cooperation," by design or default, it never furnished proof of the alleged debt requested in the letter from Plaintiff's counsel on February 14, 2009.

19. Plaintiff, as of March 5, 2010, is still awaiting the validation of the alleged debt, although Plaintiff did receive a letter essentially indicating that the documents requested would be procured.

20. Defendant's attempts to collect on behalf of Wing brought it within the scope of 15 U.S.C. §1692 a (6).

21. In communicating with the Plaintiff at the time the Plaintiff was represented by counsel, Defendant violated 15 U.S.C. § 1692 c (2) which bars a debt collector from communicating directly with a consumer represented by an attorney, save for isolated instances, none of which were present here.

22. At the same time, 15 U.S.C. § 1692 f prohibits a debt collector from using unfair or unconscionable means to collect debts and 15 U.S.C. § 1692 g requires the presence of a meaningful validation notice on an initial correspondence, *sans* overshadowing.

23. Furthermore, §349(a) of the New York General Business Law prohibits deception in the conduct of any business, trade, or commerce, including debt collection.

24. As a proximate consequence of Defendant's egregious conduct, coupled with the acts described above, the Plaintiff lost sleep, suffered headaches, nausea, embarrassment, weight loss, and incurred counsel fees.

### First Claim For Relief – Defendant's Violation of 15 U.S.C. §1692 c (2)

25. Paragraphs 1-24 are re-alleged, as if fully re-stated.

26. In communicating with the Plaintiff at the time the Plaintiff was represented by counsel, Defendant violated 15 U.S.C. § 1692 c (2) which bars a debt collector from communicating directly with a consumer who is represented by an attorney.

27. As noted above, the Plaintiff's counsel forwarded a validation letter and a letter of representation to Defendant, on or about February 14, 2009. Upon information and belief, said letter was faxed and mailed. It was notice that Plaintiff was represented by an attorney and it was received.

28. Despite being aware that the Plaintiff was represented by counsel, Defendant again contacted the Plaintiff to collect the alleged $35.00 debt, sending a second letter on February 16, 2009. *See*, Exhibit "**B**."

29. Defendant's conduct, therefore, contravened 15 U.S.C. § 1692 c (2), and thereby constituted a violation of the FDCPA. As a result of the above violation(s) of the

FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### Second Claim For Relief – Defendant's Violation of 15 U.S.C. §1692 f

30. Paragraphs 1-29 are re-alleged, as if fully re-stated.

31. 15 U.S.C. § 1692 f, in relevant part, provides:

> **"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."**

32. As noted above, Defendant's initial dunning letter of February 2, 2009 impermissibly overshadowed and contradicted 15 U.S.C. § 1692 g in such a manner as to confuse the least sophisticated consumer.

33. That is, the February 2, 2009 letter contained instructions about how to make payments by mail or phone. In addition to this, it contained a credit card authorization form. The payment instructions and authorization form were each in appreciably larger font than the 15 U.S.C. §1692 g validation notice. The validation notice in its entirety was buried in pale gray font on the reverse of the letter. See, Exhibit "A."

34. By virtue of the overshadowing of the §1692 g validation notice, the attempts to collect on behalf of Wing, as a result, were "unfair or unconscionable."

35. Defendant's conduct, therefore, contravened 15 U.S.C. § 1692 f, and thereby constituted a violation of the FDCPA. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### Third Claim For Relief – Defendant's Violation of 15 U.S.C. §1692 g

36. Paragraphs 1-35 are re-alleged, as if fully re-stated.

37. Defendant's demand in its initial correspondence to Plaintiff that it expected "resolution of your [alleged] obligation to the hospital," and required payment of the alleged "amount due to prevent further collection activity," in effect, created a false sense of urgency, therefore causing the least sophisticated consumer to become uncertain as to his or her validation rights pursuant to 15 U.S.C. § 1692 g. In doing so, it overshadowed the validation notice which is required to be present in the initial communication.

38. The burial of the validation notice, coupled with language demanding payment to stave off so-called further collection activity, impermissibly created a conflict with the 30-day validation language.

39. The above-depicted conduct, contravened 15 U.S.C. § 1692 g, and thereby constituted a violation of the FDCPA. As a result of the above violation(s) of the FDCPA, the Defendant is liable to the Plaintiff for a declaratory judgment that the Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### Fourth Claim For Relief – Defendant's Violation of §349(a) of the Gen. Bus. Law

40. Paragraphs 1-39 are re-alleged as if fully re-stated.

41. Defendant's actions were deceptive.

42. Its obscuring of the validation notice, coupled with language demanding payment to prevent so-called further collection activity, impermissibly created a conflict with the 30-day validation language. By virtue of the of the §1692 g validation notice,

the attempts to collect on behalf of Wing, as a result, constituted deception in the conduct of any business, trade, or commerce.

43. As such, Plaintiff is entitled to damages pursuant to the New York General Business Law.

WHEREFORE, the Plaintiff, Harold R. Woods, respectfully prays for the following relief:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA.
2. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
3. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
4. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
5. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
6. Damages pursuant to §349(a) of the NY Gen. Bus. Law.

Respectfully Submitted,

_____
Attorney for Plaintiff

RODERICK D. WOODS, ESQ., LLC
Attorney and Counselor at Law
54 Hazard Avenue, Suite 209
Enfield, CT 06082-3845
Northern District Bar Roll No. 515559
Tel.   (860) 383-0744
Fax.   (860) 499-5143
E-Mail. rwoods@rdw-law.com

### DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff

RODERICK D. WOODS, ESQ., LLC
Attorney and Counselor at Law
54 Hazard Avenue, Suite 209
Enfield, CT 06082-3845
Northern District Bar Roll No. 515559
Tel.   (860) 383-0744
Fax.   (860) 499-5143
E-Mail. rwoods@rdw-law.com

### CERTIFICATE OF SERVICE

*I hereby certify that a true and correct copy of the foregoing Amended Complaint* was served on this date via ECF and regular mail addressed to the following:

John F. McKay, III, Esq.
Ruffo, Tabora, Mainello, and McKay
Attorneys at Law
3000 Marcus Avenue
Lake Success, New York 11042

Dated: March 5, 2010

_____
Attorney for Plaintiff

RODERICK D. WOODS, ESQ., LLC
Attorney and Counselor at Law
54 Hazard Avenue, Suite 209
Enfield, CT 06082-3845
Northern District Bar Roll No. 515559
Tel.   (860) 383-0744
Fax.   (860) 499-5143
E-Mail. rwoods@rdw-law.com

EXHIBIT "A"

COMPUTER CREDIT, INC.

-cv-00120-DNH-DRH   Document 6   Filed 03/05/10   Pag

ACA
INTERNATIONAL
The Association of Credit
and Collections Professionals
Member

February 02, 2009

183   CH1   48317   0514413325
Harold Woods
54 Hazard Ave Ste 14
Enfield, CT 06082-3865

|||....||.|.|..|.|...|.|.|...||..||.|..||.||

**CREDITOR DETAIL**

Wing Memorial Hospital

Telephone: (413) 284-5500
Attention: Customer Service

Acct. No.        V24939027
Service Date    08-07-06

AMOUNT DUE:  $35.00

**PLEASE SEE IMPORTANT NOTICE ON BACK**

Dear Harold Woods:

Your overdue balance with Wing Memorial Hospital has been referred to Computer Credit, Inc. (also referred to in this letter as CCI) for collection. Our records indicate that this debt is your responsibility. This letter will serve to inform you that your account remains unpaid and we expect resolution of your obligation to the hospital. Computer Credit, Inc. is a debt collector and a member of ACA International, the Association of Credit and Collection Professionals.

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify our office that you dispute the validity of this debt within 30 days of receiving this letter, we will assume that the debt is valid and expect it to be paid.

Pay the amount due to prevent further collection activity by Computer Credit, Inc. We appreciate your attention to this matter.

*C. Jordan*

C. Jordan
Director of Operations

*You may be eligible for free care if family size and income are within Federal Poverty Guidelines. Call the hospital about this or other public assistance programs.*

To learn more about why you received this letter, you may contact CCI:
www.informationcci.com   login code: 0514413325 WEC

*Return this portion with your payment*

| IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW | |
|---|---|
| ☐ VISA   ☐ MASTERCARD   ☐ DISCOVER   ☐ AMEX | |
| CARD NUMBER | EXP DATE |
| SECURITY CODE | AMOUNT |
| SIGNATURE | |
| PRINT CARDHOLDER'S NAME | |
| BILLING ADDRESS | BILLING ZIP CODE |

GUAR NAME     Harold Woods
ACCOUNT NO    V24939027
AMOUNT DUE    $35.00

You may make check payable to:

Wing Memorial Hospital
40 Wright Street
Palmer, MA 01069-1138

|||....|||....|||.|..|.|...|.|..||.|..|.||

Computer Credit, Inc.
CCI KEY: 0514413325

EXHIBIT "B"

RODERICK D. WOODS, ESQ. LLC ATTORNEY AT LAW

HARTFORD · WASHINGTON, D.C. · NEW YORK CITY · ALBANY

February 14, 2009

Computer Credit, Inc.
640 West Fourth Street
P.O. Box 5238
Winston-Salem, NC 27113-5238

RE: Wing Memorial Hospital / Account Number V24939027

Dear Sir or Madam:

Our firm has been retained by Harold R. Woods in relation to the alleged above-stated account number. As a reminder, and pursuant to 15 U. S. C. § 1692 c (a) (2), please be advised that you are barred from communicating further with Mr. Woods in connection to the above. As such, kindly continue to direct any and all correspondence with respect to this matter to my firm at the below-stated New York City correspondence address.

In reviewing your correspondence of February 2, 2009, arguably, you contravene 15 U.S.C. §1692(g) by, *inter alia*, overshadowing a consumer's right to validation; there even remains some question if the amount you are attempting to collect is legally permissible. It has been adjudicated that such manifestations may be legally actionable. See, Macarz v. Transworld Systems, Inc., 26 F.Supp.2d 368 (D.Conn.1998).

Notwithstanding the fact that this correspondence, an initial communication as that term is defined, contravenes federal law (See, 15 U.S.C. §1692 *et. seq.* and, especially, 15 U.S.C. §1692 (g)), please forward to my New York City office within five (5) days of the receipt of this letter the following information:

- Copy of original contract evidencing legal status of alleged debt;
- Name and description of goods acquired resulting in alleged debt;
- Copy of assignment as between Wing Memorial Hospital and Computer Credit, Inc. that enables Computer Credit, Inc. to engage in activities to collect the alleged debt;
- Any and all other pertinent data explicitly or implicitly referred to in your correspondence;
- Copies of all documentation in your possession pertaining to the alleged debt;
- Application showing proof of the alleged debt;
- <u>All</u> statement copies pertaining to the alleged account.

If you continue to engage in collection efforts without furnishing the aforementioned data, please be advised that I will commence legal action against your company without further notice to you. Your anticipated cooperation is appreciated.

Sincerely,

Roderick D. Woods, Esq.

RDW/ce
Enclosures: (1) February 2, 2009 correspondence from Computer Credit, Inc.

54 HAZARD AVENUE · SUITE 209 · ENFIELD, CT 06082-3845 · 860.383.0744 (T) · 860.499.5143 (F) · WWW.RDW-LAW.COM

2020 PENNSYLVANIA AVENUE N.W. · #974 · WASHINGTON, D.C. 20006 · 202.558.2207 (T)

208 E. 51ST STREET · SUITE 344 · NEW YORK, NY 10022 · 917.464.3567 (T)

596 COLUMBIA TURNPIKE · SUITE 7 · BOX 151 · EAST GREENBUSH, NY 12061 · 914.204.4497 (T)

EXHIBIT "C"

# COMPUTER CREDIT, INC.

ACA INTERNATIONAL
The Association of Credit and Collection Professionals
Member

February 16, 2009

192　CH3　　50692　0514413325
Harold Woods
54 Hazard Ave Ste 14
Enfield, CT 06082-3865

| CREDITOR DETAIL |
|---|
| Wing Memorial Hospital |
| Telephone: (413) 284-5500 |
| Attention: Customer Service |
| Hours: 8 am to 4 pm |
| Acct. No.　　V24939027 |
| Service Date　08-07-06 |
| AMOUNT DUE:　$35.00 |

Dear Harold Woods:

You have received previous notification from this office regarding your debt to Wing Memorial Hospital. Our records indicate you still have not paid this debt nor have you made satisfactory arrangements to do so.

Computer Credit, Inc. strongly advises you to make payment in order to resolve your overdue balance of $35.00. We are a debt collector and we expect your cooperation.

This letter is sent to you in an attempt to collect this debt and to serve notice that any information obtained will be used for that purpose. Computer Credit, Inc. is a debt collector and a member of ACA International, the Association of Credit and Collection Professionals.

*C. Jordan*

C. Jordan
Director of Operations

*You may be eligible for free care if family size and income are within Federal Poverty Guidelines. Call the hospital about this or other public assistance programs.*

*If you are paying less than the full amount call the creditor to discuss payment options. Partial payments will not stop the collection process.*

To learn more about why you received this letter, you may contact CCI:
www.informationcci.com　login code: 0514413325 WEC

*Return this portion with your payment*

| IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW |
|---|
| ☐ VISA　☐ MasterCard　☐ DISCOVER |
| CARD NUMBER　　　　　　　EXP DATE |
| SECURITY CODE　　　　　　AMOUNT |
| SIGNATURE |
| PRINT CARDHOLDER'S NAME |
| BILLING ADDRESS　　　　　　BILLING ZIP CODE |

| GUAR NAME | Harold Woods |
|---|---|
| ACCOUNT NO | V24939027 |
| AMOUNT DUE | $35.00 |

*You may make check payable to:*

Wing Memorial Hospital
40 Wright Street
Palmer, MA 01069-1138

Computer Credit, Inc.
CCI KEY: 0514413325